UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRIN LEAF,

    Plaintiff,

v.

SHERIFF STEPHEN DeBOER, individually and in his official capacity, and BARRY COUNTY,

    Defendants.

_____/

1:03 CV 0226

Robert Holmes Bell
Chief, U.S. District Judge

## COMPLAINT AND JURY DEMAND

Plaintiff Darrin Leaf, by his attorneys, Pinsky, Smith, Fayette & Hulswit, hereby represents:

### A. NATURE OF PROCEEDING

1. Plaintiff seeks declaratory and equitable relief and damages for denial of constitutional rights arising under the Civil Rights Act of 1871, as amended, the same being 42 U.S.C. §1983 and the First and Fourteenth Amendments to the Constitution of the United States. Plaintiff's claims for relief arise from the demotion in Plaintiff's employment by Defendant Sheriff Stephen DeBoer in August 2001, a failure to promote Plaintiff in December 2001 by Defendant DeBoer, and other retaliatory actions by Defendant DeBoer in violation of Plaintiff's right to freedom of speech and freedom of association.

## B. JURISDICTION

2. This Court has jurisdiction of the matter pursuant to 28 U.S.C. §1331 and §1343; 42 U.S.C. §1983; and the First and Fourteenth Amendments to the United States Constitution. Declaratory relief is authorized by 28 U.S.C. §2201 and §2202.

## C. PARTIES

3. Plaintiff is a resident of Barry County, Michigan in the Western District of Michigan.

4. Defendant Sheriff Stephen DeBoer (hereinafter "DeBoer") was at all times relevant herein Sheriff of Barry County and acting under the color of law.

5. Defendant Barry County is a municipal corporation duly incorporated under the laws of the State of Michigan with its principal place of business in Barry County, Michigan in the Western District of Michigan.

6. Defendant Barry County is joined herein as an indispensable party because it funds the Barry County Sheriff's Department.

## D. STATEMENT OF FACTS

7. Plaintiff was hired as an officer of the Barry County Sheriff's Department in April 1989. During Plaintiff's employment, he performed his job as an officer in an entirely satisfactory manner.

8. In the summer of 1998, Plaintiff was appointed the School Liaison Officer. Plaintiff performed his duties as a school liaison officer in an entirely satisfactory manner. In August of 2001, Plaintiff was removed from his position as School Liaison

Officer and put on a midnight shift as a patrol officer by Sheriff DeBoer.

9. Plaintiff represents that the demotion occurred because Plaintiff signed a petition to allow private citizens to carry a concealed weapon. Plaintiff also represents that this demotion by Sheriff DeBoer was because Plaintiff became a firearms instructor teaching carrying concealed weapons safety classes (hereinafter referred to as "CCW classes"). Finally, Plaintiff represents that the demotion occurred because he associated in teaching the CCW classes with an individual that was the head of the NRA in the area.

10. Plaintiff bid for a position as a "Court Officer" in December of 2001. Although the Department had always followed seniority in assigning these positions, Sheriff DeBoer chose to assign a less senior officer to this position rather than Plaintiff.

11. Plaintiff represents that this failure to assign him the Court Officer position by Sheriff DeBoer was because of this signing of the petition, teaching CCW classes, and associating with a member of the NRA as discussed in paragraph 9 above.

### E. **CAUSES OF ACTION**

12. Defendant DeBoer, by removing Plaintiff from the school liaison position and failing to assign him the Court Officer position, has violated 42 U.S.C. §1983 and the First and Fourteenth Amendments to the Constitution of the United States. Specifically, Plaintiff's right to freedom of speech and freedom of association was violated by Defendant DeBoer and it was unlawful to take these adverse actions against Plaintiff for his political speech and political associations.

13. The actions of Defendant DeBoer were not in good faith and were in knowing or reckless violation of Plaintiff's constitutional rights, subjecting him to an award of punitive damages. As a result of Defendant DeBoer's conduct herein, Plaintiff lost earnings and other benefits and has suffered mental anguish and emotional distress and damage to his reputation for which Defendant's are liable.

## F. RELIEF

WHEREFORE, Plaintiff Darrin Leaf requests judgment against Defendants and each of them as follows:

A. Compensatory damages in an amount in excess of $75,000;

B. Punitive Damages in an amount in excess of $75,000;

C. Reinstatement of Plaintiff in the school liaison or a comparable position;

D. Award Plaintiff his back pay and other lost benefits from the removal of the school liaison position, and/or failure to assign him the court officer position;

E. Award Plaintiff his costs, disbursements, interest, and reasonable attorney fees pursuant to 42 U.S.C. §1983; and

F. Award Plaintiff such other legal and equitable relief as may be appropriate.

PINSKY, SMITH, FAYETTE & HULSWIT
Attorneys for Plaintiff

Dated: April 4, 2003    By_____
Katherine Smith Kennedy (P-54881)

## **JURY DEMAND**

Plaintiff, by and through his attorneys, Pinsky, Smith, Fayette & Hulswit, hereby demands a trial by jury of the entitled matter.

PINSKY, SMITH, FAYETTE & HULSWIT
Attorneys for Plaintiff

Dated: April 4, 2003

By_____
Katherine Smith Kennedy (P-54881)
Business Address and Telephone Number:
1515 McKay Tower
146 Monroe Center St NW
Grand Rapids, MI  49503
(616) 451-8496