UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRIN LEAF,

    Plaintiff,

v

    Case No. 1:03 CV 0226
    Hon. Robert Holmes Bell

SHERIFF STEPHEN DeBOER, individually
and in his official capacity, and BARRY
COUNTY,

    Defendants.

---

| Katherine Smith Kennedy | Patrick A. Aseltyne (P23293) |
| Pinsky, Smith, Fayette & Hulswit | Johnson, Rosati, LaBarge, |
| 146 Monroe Center St. NW #1515 |   Aseltyne & Field, P.C. |
| Grand Rapids, MI 49503 | Attorney for Defendants |
| (616) 451-8496 | 303 S. Waverly Road |
| | Lansing, MI 48917 |
| | (517) 886-3800 |

---

## ANSWER TO COMPLAINT WITH AFFIRMATIVE AND OTHER DEFENSES

**NOW COME** the Defendants and in answer to the allegations in the Plaintiffs' Complaint states as follows:

### A. NATURE OF PROCEEDING

1.    Defendants deny that Plaintiff has a right to declaratory, equitable or any other relief arising under 42 USC § 1983 or that his constitutional rights have been violated, as alleged. Defendants further deny that Plaintiff has been demoted or not promoted, as alleged, and further deny that Plaintiff has been subjected to any other retaliatory action in violation of his rights; the denial being based upon the reason that these allegations are not true.

## B. JURISDICTION

2. Defendants neither admit nor deny this conclusion of law but leave the Plaintiff to his proofs.

## C. PARTIES

3. Defendants admit.

4. Defendants admit.

5. Defendants deny that Barry County is a municipal corporation for the reason that this is untrue, but admit that it has its principal place of business in Barry County, as alleged.

6. Defendants admit that Barry County funds the Sheriff's Department, as alleged, but leave Plaintiff to his proofs regarding his allegation that the County is an indispensable party.

## D. STATEMENT OF FACTS

7. Defendants admit that Plaintiff was hired in April 1989. Defendants deny that Plaintiff performed his job duties at all times in an entirely satisfactory manner as alleged, for the reason that this is not true.

8. Defendants admit that Plaintiff was appointed the school liaison officer as alleged, but Defendants deny that Plaintiff performed his duties in an entirely satisfactory manner throughout the time of this appointment. Defendants admit that Plaintiff was removed from the position as alleged and further admit that he thereafter worked the midnight shift as a road patrol officer because of the shift bidding procedure under the parties collective bargaining agreement.

9. Defendants deny that Plaintiff was demoted as alleged or that any action was taken against him for the reasons alleged because this is not true.

10. Defendants admit that Plaintiff bid for a position of court officer in December 2001, but deny that the Department has always followed seniority in assigning these positions because this is not true and further represents that a reason for Plaintiff not being chosen was because the local judges preferred a person other than Plaintiff for the position.

11. Defendants deny that Plaintiff was not assigned to the position of court officer for the reasons alleged because this is not true.

### E. CAUSES OF ACTION

12. Defendants deny for the reason that this is not true.

13. Defendants deny for the reason that this is not true.

### F. RELIEF

WHEREFORE, Defendants respectfully request that the court dismiss Plaintiff's Complaint in its entirety and award them costs and attorney fees for having to defend against this complaint.

## AFFIRMATIVE AND OTHER DEFENSES

Defendants give notice that they may rely upon some or all of the following affirmative and other defenses at or before the time of trial:

1. Plaintiff fails to state a claim upon which relief may be granted.

2. Defendants are entitled to governmental immunity.

3. Defendants are entitled to all rights, privileges and immunities, including qualified, good faith immunity, provided by law.

4. Concerning the Barry County Defendant and the Defendant Sheriff DeBoer in his official capacity, Plaintiff has failed to allege a specific violation of a policy, custom or practice and has thus failed to state a claim under 42 USC 1983.

5. The issues raised by Plaintiff in this litigation concerning the court officer position have already been the subject matter of an arbitration between the parties, and the arbitrator's decision should preclude the relitigation of certain issues re-presented herein by Plaintiff because of this prior adjudication involving Plaintiff's rights under a collective bargaining agreement negotiated pursuant to Michigan's Public Employment Relations Act.

6. Plaintiff failed to exhaust his remedies under the parties' collective bargaining agreement with respect to his claim about the school liaison position and he should be precluded from raising all or a part of the claim herein.

7. Principles of federal comity should preclude the re-litigation of certain issues presented by Plaintiff herein.

8. Plaintiff has not suffered a materially adverse change in the terms and conditions of his employment to state a claim for retaliation, as required by the case law.

9. Defendant reserves the right to raise such other affirmative defenses as the same may become known during the course of discovery herein.

WHEREFORE, Defendants respectfully request that the court dismiss Plaintiff's Complaint in its entirety and award them costs and attorney fees for having to defend against this complaint.

## RELIANCE UPON JURY DEMAND

**NOW COME** Defendants and hereby give notice that they intend to rely upon Plaintiff's Demand for Jury Trial filed herein.

Respectfully Submitted,

JOHNSON, ROSATI, LaBARGE
ASELTYNE & FIELD, P.C.

BY: _____
Patrick A. Aseltyne (23293)
Attorneys for Defendants
303 S. Waverly Road
Lansing, Michigan 48917
(517) 886-3800

Dated: April 29, 2003

PROOF OF SERVICE

The undersigned certifies that the foregoing was served upon all parties to the above cause to each of the attorneys/parties of record herein at their respective addresses disclosed on the pleadings on April 29, 2003.

BY:  X U.S. Mail           ☐ Telefacsimile
     ☐ Hand Delivered      ☐ Overnight courier
     ☐ Federal Express     ☐ Other: _____

Signature: _____
Shelly R. Herrick

5