# 5

| STATE OF MICHIGAN<br>JUDICIAL DISTRICT<br>5th JUDICIAL CIRCUIT<br>COUNTY PROBATE | SUMMONS AND COMPLAINT | CASE NO.<br>01-133-AZ |
|---|---|---|

Court address: 220 W. State St., Hastings, MI 49058     Court telephone no: 616-948-4814

| Plaintiff name(s), address(es), and telephone no(s). | | Defendant name(s), address(es), and telephone no(s). |
|---|---|---|
| David Gene Stevens<br>7489 Bowens Mill Rd.<br>Middleville, MI 49333 | v | Sheriff Steve DeBoer<br>1212 W. State St.<br>Hastings, MI 49058 |
| Plaintiff attorney, bar no., address, and telephone no.<br>SAME | | |

**SUMMONS** NOTICE TO THE DEFENDANT: In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. YOU HAVE 21 DAYS after receiving this summons to file an answer with the court and serve a copy on the other party or to take other lawful action (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued | This summons expires | Court clerk |
|---|---|---|
| 2-20-01 | 5-20-01 | |

*This summons is invalid unless served on or before its expiration date.*

**COMPLAINT** Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.

**Family Division Cases**
☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.
☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

**General Civil Cases**
☒ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

**VENUE**

| Plaintiff(s) residence (include city, township, or village) | Defendant(s) residence (include city, township, or village) |
|---|---|
| 7489 Bowens Mill Rd Middleville, MI 49333 | Hastings MI 49058 |

Place where action arose or business conducted: Barry County Courts & Law Building

I declare that the complaint information above and attached is true to the best of my information, knowledge, and belief.

Date: 2/20/01     Signature of attorney/plaintiff

If you require special accommodations to use the court because of disabilities, contact the court immediately to make arrangements.

MC 01 (9/98) SUMMONS AND COMPLAINT    MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF BARRY

IN RE STEVENS
Plaintiff,

Case No. _01-133-AZ_

Honerable __JAMES H. FISHER__

| Counsel for Plaintiff<br>David G. Stevens<br>7489 Bowens Mill Rd.<br>Middleville, MI 49333 | Attorney for Defendants<br>Barry County Prosecuting Attorney's Office |

## PLAINTIFF'S COMPLAINT

NOW COMES Plaintiff, DAVID G. STEVENS, acting in PRO PER and via a Writ of Superintending Control, alleges that the Barry County Gun Board violated his constitutional and civil rights of equal protection under the law and completely violated his right to bear arms for self-defense because they denied a general license to carry a concealed weapon (instead issued a hunting and target license, which had nothing to do with self-defense or state) and had a local rule of only criminal justice system person would be granted general licenses and others would not and so were predisposed to rule against him.

There is no other pending or resolved civil action arising out of the transaction or occurrence alleged in the complaint.

## JURISDICTIONAL ALLEGATIONS

1. Plaintiff is a resident of Barry County.
2. Venue is proper in Barry County.
3. Defendant, the Barry County Concealed Weapons Licensing Board ("BCCWLB"), is an entity created by the state legislature with the granted authority to issue licenses to applicants residing in Barry County to carry a pistol concealed on his or her person or in a vehicle.
4. Complaint is brought under Court Rules of Michigan, Page 161, Rule 3.302 (E)(1) **Procedure for Superintending Control in Circuit Court.**

## GENERAL ALLEGATIONS

5. Pursuant to MCL 28.426, the BCCWLB is comprised of the Prosecuting Attorney, the Sheriff, and the Hastings Post Commander of the State Police, or their respective authorized deputies, with the Prosecuting Attorney serving as Chairperson of the licensing board.

6. Plaintiff seeks to enjoin and gain relief from the biased and conflicting acts of the licensing board and its discriminatory behavior in the denial of Plaintiff's application, and jurisdiction and venue are properly within this Court.

## COUNT I
## Defendant Completely Denied the Plaintiff his US and State Right to Bear Arms for Self-Defense

6. Plaintiffs incorporate by reference the preceding paragraphs as though fully set forth herein.
7. Plaintiff is over the age of 18.
8. Plaintiff is a citizen of the United States.
9. Plaintiff has resided in Barry County for over 6 months.

10. The township supervisor of Yankee Springs Township cited in writing that he had no objections to the BCCWLB issuing Plaintiff a general permit to carry a concealed pistol.

11. Plaintiff has a proper reason to be issued a general permit to carry a concealed pistol and it is self-defense.

12. Plaintiff is a suitable person to be licensed.

13. Plaintiff is not the subject of an order or disposition entered into the law enforcement information network (LEIN) pursuant to any of the reasons listed in MCL 28.426(a).

14. Plaintiff made a complete, written application, signed under oath upon a form provided by the Director of the Department of State police seeking a general permit to carry a concealed pistol in conformity with the provisions of MCL 28.426.

15. Plaintiff appeared at the regular scheduled BCCWLB meeting on February 20, 2001 and provided each member a written request for a upgrade from a restricted hunting and target to a general non-restricted permit.

16. On February 20, 2001 the BCCWLB convened to consider the request by Plaintiff to upgrade from a restricted Hunting and Target permit to a general carry permit to carry a concealed pistol.

17. The BCCWLB asked Plaintiff why he wanted a general permit but was not given the criteria BCCWLB considers when issuing general permits.

18. Plaintiff cited valid reasons for wanting a general permit to carry a concealed pistol including identical or similar reasons the defendants have given general permits for in the past.

19. Plaintiff was already awarded a restricted target and hunting permit but wants it upgraded to a general permit.

20. The BCCWLB denied Plaintiff's application for a general permit to carry a concealed pistol.

21. Undersheriff Don Ford refused to vote on request for general CCW permit thereby being derelict in his oath of office and denying me my right under Michigan Law to request for a non-restricted CCW permit.

22. Both present and past prosecutors have voted yes to granting a general permit one stating Plaintiff meets all the criteria this gun board has used in the past when issuing general permits The MSP (Michigan State Police) representative and Barry County Sheriff's representative voted no. No reason or rationale was given for the denial by other two except the MSP representative stated that he has orders not to issue general permits.
23. As a result of such denial, the BCCWLB violated MCLA §28.426.
24. As a result of such denial, the BCCWLB violated the Michigan Constitution, Article 1, Section 6.
25. As a result of such denial, the BCCWLB denied Plaintiff due process under the law.
26. As a result of such denial, BCCWLB denied Plaintiff his civil rights of equal protection under the law.
27. The actions taken by the BCCWLB in denying Plaintiff's application were arbitrary, unreasonable, an abuse of discretionary power and an improper exercise of judgment.
28. Pursuant to Michigan law, this Court may properly substitute its own judgment for that of a licensing authority when the actions of the licensing authority are arbitrary or unreasonable.

WHEREFORE, Plaintiff respectfully request that this Honorable Court grant the following relief in favor of Plaintiff and against Defendant:

A. Issue an order finding as a matter of fact and law, that the BCCWLB denial of Plaintiff's application for general permit to carry a concealed weapon was arbitrary, unreasonable, an abuse of discretionary power and an improper exercise of judgment; and/or
B. Issue an order directing that the BCCWLB's denial of Plaintiff's application for a general permit to carry a concealed pistol be vacated and set aside; and/or
C. Issue an order finding as a matter of fact and law that Plaintiff has met the criteria for the granting of a general license to carry a concealed pistol, as established by MCL 28.426 and directing the BCCWLB to issue a general carry permit to Plaintiff; and/or

D. Enter an order directing the BCCWLB to reimburse Plaintiff for his costs and attorney fees in the instant action.

## COUNT II
## THE DEFENDANT VIOLATED EQUAL PROTECTION AND DUE PROCESS OF THE STATE AND US CONSTITUTIONS AND THEREFORE CIVIL RIGHTS ACT 42 U.S.C. CHAPTER 21 SUBCHAPTER I SEC. 1983

30. The BCCWLB is predisposed to grant criminal justice persons the right to bear arms and deny or severely restrict all others and as such is predisposed against the Plaintiff.

31. The BCCWLB unlawfully favors those applicants who are retired law enforcement officers.

32. There is no material or discernable difference in situation, need or reason to want a license between many of the applicants that appeared before the BCCWLB and were denied, and many of those who were granted licenses.

33. Most applicants that receive general permits are not even required to appear before the board as long as they are retired police officers.

34. By not treating all similarly situated applicants the same way, the BCCWLB is acting in violation of the principle of equal protection and due process under the law.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court grant the following relief in favor of Plaintiff and against Defendant:

A. Grant a declaratory judgment that the BCCWLB is operating in violation of the law.

B. Grant an injunction ordering the BCCWB to set forth the criteria they use to determine if an application for a concealed weapon permit is issued and require the BCCWB to state their reasons for any denial.

C. Grant an injunction ordering the BCCWB to not give preferential treatment to any citizen and to treat all applicants in the same manner.

D. Grant a declaratory judgement that UnderSheriff Don Ford was derelict in his duties as a member of the Barry County Gun Board.

E. Enter an order directing the BCCWLB to reimburse Plaintiff for his costs and attorney fees in the instant action.

F. Enter an order that the Barry County Sheriff either represent the Barry County Sheriff Department in person or assign another representative other then Don Ford.

G. If otherwise qualified and for the reason of self-defense, order the Defendant to use their discretion to equally apply the law and grant the Plaintiff, in PRO PER, a general CCW license.

H. Punitive Damages of $5,000,000 are sought for the intentional violation of Plaintiff's Civil Rights

Respectfully submitted,

DAVID G. STEVENS

Dated: February 20, 2001.

By: _____
7489 Bowens Mill Rd.
Middleville, MI 49333